RUBEN EDWARD MORA
FULL NAME

COMMITTED NAME (if different)

KERN VALLEY STATE PRISON
FULL ADDRESS INCLUDING NAME OF INSTITUTION

P.O. BOX- 5102 DELANO CA 93216

# BJ 9432
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

MAR 29 2021

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RUBEN EDWARD MORA

V.

PLAINTIFF,

(LT.) WILLIAMS, (CO) SMITH, (CO) MS. DAVIS
(WARDEN) JHONSON SALAS, (NP) KEHINDE
(DEFENDANTS/WARD)

DEFENDANT(S).

CASE NUMBER  2:21cv 2708- CJC-SHK
To be supplied by the Clerk

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** (Check one)
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

### A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2. If your answer to "1." is yes, how many?   Two

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.) SINCE 2/19/2020, I WAS TRANFERED FROM CMF VACAVILLE STATE PRISON TO LSP LA CO, LANCASTER STATE PRISON. GOT TO LSP LA CO LANCASTER STATE PRISON 2/19/2020 I FEEL IVE BEEN RETALIATED FOR FILEING, ABUSE STAFF MISCONDUCTS AT CMF VACAVILLE STATE PRISON, AND AT LSP LA CO STATE PRISON. ON 7/22/2020. ON AROUND 12:30 pm. EACH PEACE OFFICERS LT. WILLIAMS, PEACE OFFICERS MR DAVIS MR. SMITH, MR SALAS AND (NP) NURSE, KEHINDE. IN ASU- Ad Seg Cell-149, I WAS LEFT WITH SHACKLES, LEG IRON ER CASING ME TO INJURY MY SELF HITTING MY HEAD ON THE GROUND NEARLY KNOCKING MY SELF OUT HURTING MY BACK. IM A 52 YEARS OLD (ADA) INMATES DPW, DNH, CCMS DIABITIC TYP-1 HIGH RISK MEDICAL PROBLEMS AROUND 9:45 PM I GOT OUT OF MY BED THINKING THE LEG IRON ER SHACKLES WERE SPOSE TO BE TAKING OFF, BEFOR SECOND WATCH WENT HOME I WAS TOLD BY LT WILLIAMS, AND CO. DAVIS CO. SMITH CO SALAS WARDEN JHONSON TO GO F- OFF! THEY DID NOT TAKE OFF F MY LEG IRON ER SHACKLES NOR DID I GET ANY MEDICAL TREATMENT FOR MY INJURYS IM STILL NOT GETTING TREATMENT.

**CIVIL RIGHTS COMPLAINT**
(1)

a. Parties to this previous lawsuit:

Plaintiff *RUBEN EdwARd MORA BI9432*

*KVSP. PO BOX - 5102 DELANO CA, 93216.*

Defendants *H. WILLIAMS, ET AL*

*M. SPORY J. WEBB, R. VANTANIAN, B. HETNICK*

b. Court *EASTERN DISTRICT OF CALIFORNIA*

c. Docket or case number *2:20-CV-0746-KJM-JAP (PC)*

d. Name of judge to whom case was assigned *MAGISTRATE Judge Edmund F. BRENNAN*

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) *YES, EASTERN DISTRICT COURT*

f. Issues raised: *EIGHT, STAFF misconduct.*
*EIGHTH AMENDMENT, deliberat INDIFFERENCE*
*MORA V. PENAS ET, AL CASE # 2:20-CV-00749 KJM-EFB.*

g. Approximate date of filing lawsuit: *April 13 2020.*

h. Approximate date of disposition *Still Pending*

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

   If your answer is no, explain why not *I HAVE EXHAUSTED my administrative REMEDIES, (GRIEVANCES) STATE misconduct, medical.*

3.  Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not *N/A  (Both)*

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff *RUBEN EdwARd MORA #BI9432*
(print plaintiff's name)

who presently resides at *KVSP STATE PRISON P.O. BOX - 5102 DELANO CA, 93216.*
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

*LT. WILLIAMS, M. SMITH, MS DAVIS WARdEN THOMSON, MR SALAS*
(institution/city where violation occurred)

*CALIFORNIA STATE PRISON - LOS ANGELES ASU. CELL 149 PO BOX - 4490 LANCASTER CA 93539.*

on (date or dates) ___7/22/2020___ , ___7/22/2020___ , ___7/22/2020___ .
(Claim I)              (Claim II)              (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _PEACEL OFFICER LT, WILLIAMS_ resides or works at
   (full name of first defendant)
   _CSP LALO, P.O. BOX-4490 LANCASTER, CA, 93539._
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

   Explain how this defendant was acting under color of law:
   (EIGHTH AMENDMENT) IN STATE PRISON ANYTHING DONE TO A INMATES, PRISON ADMINISTRATORS IS A ACTION (UNDER COLOR OF STATE LAW)

2. Defendant _PEACEROFFICER, M. SMITH_ resides or works at
   (full name of first defendant)
   _CSP IA, CO, P.O. BOX-4490 LANCASTER, CA, 93539_
   (full address of first defendant)
   _COLR PEACE OFFICER_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

   Explain how this defendant was acting under color of law:
   (EIGHTH AMENDMENT) IN STATE PRISON, ANYTHING DONE TO A INMATES PRISON ADMINISTRATORES, A ACTION IS (UNDER COLOR OF STATE LAW)

3. Defendant _PEACE OFFICER MS, DAVIS_ resides or works at
   (full name of first defendant)
   _CSP IA, CO P.O.BOX-4490 LANCASTER CA 93539_
   (full address of first defendant)
   _LOLR PEACE OFFICER_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

   Explain how this defendant was acting under color of law:
   (EIGHTH AMENDMENT) IN STATE PRISON ANYTHING DONE TO A INMATES PRISON ADMINISTRATORES, A ACTION IS (UNDER COLOR OF STATE LAW)

4.  Defendant   WARDEN   JHONSON _____ resides or works at
    (full name of first defendant)

    CSP LA CO. P.O. BOX-4490 LANCASTER, CA 93539
    (full address of first defendant)

    CALIFORNIA STATE PRISON- LOS ANGELES WARDEN
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

[EIGHTH AMENDMENT] IN STATE PRISON ANYTHING DONE TO A
INMATES, PRISON ADMINISTRATORS, A ACTION (UNDER STATE LAW)

5.  Defendant   PEACER OFFICER   SALAS _____ resides or works at
    (full name of first defendant)

    CSP, LA CO. P.O. BOX-449 LANCASTER, CA 93539
    (full address of first defendant)

    CDCR, PEACE OFFICER
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

Explain how this defendant was acting under color of law:

[EIGHTH AMENDMENT] IN STATE PRISON ANYTHING DONE TO A
INMATES, PRISON ADMINISTRATORS, A ACTION (UNDER COLOR OF LAW)

**D. CLAIMS***

<div align="center">CLAIM I  LT. WILLIAMS.</div>

The following civil right has been violated:

(EIGHTH. ADMEN dment.) U.S. CONSTITUTION OR A LAW passed
BY THE U.S. CONGRESS (CONSTITUTIONAL RIGHTS) UNDER COLOR OF ANY
STATE OR ANY STATUE, ORDINANCE, REGULATION, CUSTOM, OR USAGE
OF ANY STATE OR TERRITORY. THE way prison officials
TREATED ME INMATE RUBEN E MONA B15432 VIOLATES THE
U.S. CONSTITUTIONAL RIGHTS (STAFF misconducts) SPRINKLES
LEFT ON INMATE RUBEN E MONA B19432 CASING INJURY
TO A (ADA) AMERICANS WITH DISABILITIES ACT.) 42 U.S.C.
SS 1201 - 12213. PREVENTS DISCRIMINATION AGAINST PEOPLE
WITH DISABILITIES, INCLUDING PRISONERS. WITH ANY physical
OR MENTAL DISABILITY, OR A PEACE OFFICERS GUARDS
PRISON OFFICIALS SHOWS misconducts IN CASE CALLED WEST
V. ATKINS, 487 U.S. 42 (1988) THE SUPREME COURT HELD THAT HELD THAT A
PRISON OFFICIAL PEACE OFFICERS /MEDICAL DOCTORS (under color of STATE law)

Supporting Facts:  Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1) DEFENDANT WARDEN JOHNSON IS THE WARDEN OF LANCASTER
2) STATE PRISON, HE IS AGAIN RESPONSIBLE FOR THE OPERATION OF CSP/LAC.
3) LANCASTER STATE PRISON, AND FOR THE WELFARE OF ALL THE INMATES OF
4) THAT PRISON: DEFENDANT LT. WILLIAMS IS A CORRECTIONAL OFFICER
5) OF THE LANCASTER STATE PRISON, DEPARTMENT OF CORRECTIONS, WHO
6) AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF PRISON
7) GUARD AND WAS ASSIGNED TO LANCASTER STATE PRISON AD SEC A SEC
8) CELL-149, (CSP/A, Co, STATE PRISON) ALSO DEFENDANTS MRS DAVIS
9) MR SMITH, MR SALAS, (NP) NURSE KEHINDE, WORK FOR THE
10) CALIFORNIA DEPARTMENT OF CORRECTIONS. EACH DEFENDANTS IS BEING
11) SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AT ALL TIMES MENTIONED
12) IN THIS COMPLAINT EACH DEFENDANTS ACTED UNDER OF COLOR OF STATE LAW.
13)
    : CLAIM-1 · LT. WILLIAMS    CSP LA W STATE PRISON

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief: PRAYER FOR RELIEF:

WHEREFORE PLAINTIFFS RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFFS. HEY A DECLARATION THAT THE ACTS AND OMISSIONS described HERE IN VIOLATE HIS RIGHTS under THE CONSTITUTION AND LAWS OF THE UNITED STATES, AND A PRELIMINARY AND PERMENT INJUNCTION ORDERING DEFENDANTS WARDEN JHUSON, LT WILLIAMS CO MR DAVIS MR SMITH, MR SALAS AND (CDCR) CALIFORNIA DEPARTMENT OF CONNECTIONS TO CEASE THEIR PHYSICAL VIOLENCE AND THREATS TOWARDS PLAINTIFF, HEY RUBEN EDWARD MONA BE9432 And GRANTING PLAINTIFF COMPEDSA TORY DAMAGES IN THE AMOUNT OF $ 50000 AGAINST EACH DEFENDANTS JOINTLY AND SEVERALLY PLAINTIFF RUBEN EDWARD MONA BE9432 SEEKS COMPENSATORY DAMAGES OF $ 50,000 AGAINST DEFENDANTS LT WILLIAMS (ALL DEFENDANTS) PLAINTIFFS SEEK PUNITIVE DAMAGES IN THE AMOUNT OF $ 50,000 PLAINTIFF HEY SEEKS THESE DAMAGES AGAINST EACH DEFENDANTS JOINTLY AND SEVERALLY.) PLAINTIFFS ALSO SEEK A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY. PLAINTIFF ALSO SEEK RECOVERY OF THEIR COSTS IN THIS SUIT AND ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST PROPER AND EQUITABLE.

RESPECTFULLY SUBMITTED.
RUBEN EDWARD MONA
# BE9432
KVSP B-YARD B-7-113
PO. BOX-5102
DELANO CA, 93216

3/16/2021
(Date)

(Signature of Plaintiff)

RUBEN Edward MORA
BI 9432 - B-7-113
KUSP STATE PRISON
PO BOX - 5102
DELANO, CA, 93216-5102

RUBEN Edward MORA
V.
LT. WILLIAMS ET. AL (GREENWALL)
SMITH, MS. DAVIS, SALAS5
JHONSON,

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN Edward MORA
        PLAINTIFFS

H. WILLIMS, ET AL.,
   - N. DEFENCLANTS
DOCTOR, OGNJEN PETMAS.

PREVORD LAWSUITS:
CASE NO: 2=20-CV-0749 EFB P.
CASE NO: 2-20-CV-0746-KJN-
JOP(PC).

1) HAVE YOU BROUGHT ANY OTHER LAWSUITS IN FECENAL COURT
WHILE A PRISONER ☑ YES ☐ NO
2) IF YOUR ANSWER TO "1" IS YES HOW MANY  TWO.
DESCRIBE THE LAWSUIT IN THE SPACE BELOW
ADCILITIONAL LAWSUITS ON A ATTACHED PIECE OF PAPER
PLATIFIE IS A STATE PRISONER PROCEEDING PRO SE
AN IN FORMA PAUPERIS PROCEED WITH EIGHTH AMENDMENT
DELIBERATE INDIFFERNCE, MEDICAL
DEFENCLANTS. ET AL. OGNJEN PETMAS. ET AL.,
CASE NO: 2:20-CV-0749-EFB P.
RUBEN Edward MORA BI9432 /cr nu 2/2/2021

ANSWERS- PREVOIUS LAWSUITS: FOR CENTRAL DISTRICT OF CALIFORNIA



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** MORA, RUBEN EDWARD
**CDC#:** BI9432
**Current Location:** KVSP-Facility B

**Date:** 02/01/2021

**Current Area/Bed:** B 007 1 - 113001L

**Log #:** 000000051927

**Claim # 001**

**Institution/Parole Region of Origin:** California State Prison, Los Angeles County    **Facility/Parole District of Origin:** LAC-STRH
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Classification    **Sub-Category:** Issue Arising from a UCC, ICC, or DRB that is NOS

### I. ISSUE ON APPEAL

Appellant alleges the Institutional Classification Committee at California State Prison, Los Angeles County retaliated against appellant by adding points to appellant's custody level, that appellant's staff assistant never spoke to appellant 24 hours prior to the committee hearing, and that staff working in the Administrative Segregation Unit follow the "Green Wall Gang."

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, sections 3000, 3001, 3379, 3380, 3484, and 3486.

#### B. DOCUMENTS CONSIDERED

CDCR Form 602, Log #51927 and attachments; Classification Committee Chrono, dated October 15, 2020.

### III. REASONING AND DECISION

Title 15, section 3484(a), requires that all claims alleging staff misconduct be presented by the Grievance Coordinator to the Reviewing Authority who shall review the claim and make a determination how to proceed. The Office of Appeals finds that the committee response was consistent with departmental policy and procedural guidelines, however, the institution did not address appellant's allegation of staff misconduct. Furthermore, when the Office of Appeals asked the institution for any documentation concerning appellant's allegation of staff misconduct none could be provided. Therefore, this claim is granted.

### IV. REMEDY

The institution shall open a new grievance to respond to appellant's allegations of staff misconduct and forward the allegations to the Reviewing Authority who shall determine the proper response in compliance with Title 15, section 3484.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Chief | 02/01/2021 |

SUPPORTING FACTS. EXHAUST THE ADMINISTRATIVE REMEDIES (COCR)

RUBEN E MORA BI9432
ASU-E149
PO BOX 4430
LANCASTER CA, 93539-4430

SENT OUT ON 3/12/20
(lltdi-

LEGAL MDRAC)

MOR

TO HEALTH CARE CONNE
AND APPEAL BRANC
P.O. BOX 588500
EIK GROVE, CA

ASU-



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** MORA, RUBEN EDWARD
**CDC#:** BI9432

**Current Location:** LAC-STRH

**Date:** 08/06/2020

**Current ⸱ ⸱v/Bed:** Z 001 1 - 149001L

**Log #:** 000000021791

**Claim #: 001**

**Institution/Parole Region of Origin:** California State Prison, Los Angeles County   **Facility/Parole District of Origin:** LAC-STRH

**Housing Area/Parole Unit of Origin:**

**Category:** General Employee Performance        **Sub-Category:** Other Staff Misconduct - NOS

### I. CLAIM

The Claimant states that on July 22, 2020, he was being harassed by Lieutenant (Lt.) Williams and on the above date Lt. Williams along with Correctional Officers Salas, Smith, Davis, and Villa, took away his durable medical equipment latex gloves during a cell search and threw away his hearing aids.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

California Code of Regulations (CCR), Title 15, Section 3391 Employee ConductDepartment Operations Manual (DOM), Section 54030.11 Health Care AppliancesOperational Procedure 311 Incontinence Policy

#### B. DOCUMENTS CONSIDERED

CDCR 602 Inmate/Parolee authored by the Claimant. Claimant's Durable Medical Equipment list located in the Strategic Offender Management System (SOMS)

### III. REASONING AND DECISION

On August 4, 2020, the Claimant refused to come out of his cell for his grievance interview in regards to his allegations of harassment. Lt. Williams along with Correctional Officers Davis, Salas, Smith and Villa were all interviewed regarding the allegations. All of the Officers advised that they did not enter the Claimant's cell or conduct a cell search of any kind, nor did they see or touch any hearing aids. Lt. Williams did conduct a search of the Claimant's cell, confiscated two boxes of latex gloves and stated she did not see or touch any hearing aids in the cell. Upon reviewing the Claimant's Durable Medical Equipment (DME) list, it was discovered that latex gloves are not part of his approved DME list, nor are they part of the Incontinence Policy. Officer Miranda-Bonilla went to the Claimant's cell to provide the Claimant a CDCR 7362 Health Care Services Request Form in regards to his alleged missing hearing aids but the Claimant refused the form. Based on these interviews and a review of the grievance, staff did not violate policy.

### Decision: Disapproved

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | Appeal #:_____  Date Received:_____ |
| | Date Due:_____ |
| | Categories:_____ |
| | Grievance #:_____ |

Claimant Name: RUBEN E MORA _____ CDCR #: BI9432

Current Housing/Parole Unit: 2001-1-1900L Institution/Facility/Parole Region: LAC - STR H

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

REC BY OOA

Claim #s:

SEP _ _ 2020

_____

_____

_____

*This is the process to appeal the decision made regarding a claim that is not listed above.*

Claim #: 000000021191

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

*I am dissatisfied with the response I was given because* STAFF MISCONDUCT
REPRISALS AND/OR RETALIATION FOR FILING GRIEVANCES - 28
(FR. 40.9) NO EXPLANATION OF HOW TO APPEAL INITIAL DECISION
28 (FR. 40.7(A)) DETAILING INMATE SUPPORTING DOCUMENTS FR. N?
(1101 AND RETURNING 602 TO INMATE WITH WRITTEN STATEMENT
(DOM § 31140.6, 7). APPEALS BEING SENT AND HEARD by PARTIES
DIRECTLY ENVOLVED EN THE ORIGINAL COMPLAINT (CCR § 3084(d)
(1) (A) And DOM 51100, 2) DISHONESTY (DOM § 33030, 52, 1)
(DOM § 33140.6.1) (VIOLATION OF CCR § 30346) deny This (LAWS
(42 U.S.C. 1997(3) And 1986.)

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:  II thru All documents
Support FACTS when we go to FEDERAL court
1983 CIVIL COMPLANT plus (ON) MEDICAL RECORDS
No COPYS At This Time, SEE MEDICAL records

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

*EMERGENCY* ??? 602 APPEAL DMES ASAP?! (ASS H.P. C)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 21791 | |

**FOR STAFF USE ONLY**

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): MORA RUBEN | CDC Number: B19432 | Unit/Cell Number: Ad SEG | Assignment: Unk! |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
STAFF MISCONDUCT LT WILLIAMS

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):
SINCE IVE BEEN IN Ad SEG IVE BEEN
HERASSET LT, WILLIAMS (TAKE-ING) my game
AND my HEARING Aids on me!!!

B. Action requested (If you need more space, use Section B of the CDCR 602-A): Rem. w/ this w/ ASSE
LT WILLIAMS' GIVE BACK ALL my
DMES Couldn't Later to Pull The SHIT
OUT OF my ASS?! AND my HEARING AIDS!

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
732 CIVIL RIGHTS Form.   MEDICAL FILE Support.
MEDICAL DMES,   of FACTS! Right STATEMENT

☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: _____   Date Submitted: 7/22/20

☐ By placing my initials in this box, I waive my right to receive an interview.

STAFF USE ONLY

C. First Level - Staff Use Only
This appeal has been:          Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____   Date Assigned: _____   Date Due: _____
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____   Interview Location: _____
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name)  Title: _____ Signature: _____   Date completed: _____
Reviewer: _____ (Print Name)  Title: _____ Signature: _____
Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

BYPASS

RUBEN E MORA BI9482
PO BOX-4490        ASU-E.M9
LANCASTER CA, 93539
7/12/2.2.0

Date. 7/22/2020

To:    Director of Corrections
       P.O. Box 942883
       Sacramento, CA 94283-0001

Subject: Retaliation & Conspiracy to Violate Inmates' First Amendment Rights
RE:    [SP (A Co STATE pRISon), CA, (facility name)

Dear Director,

The primary problem concerns California Department of Corrections and Rehabilitation (CDCR) Officials' conspiratorial practice to violate inmates' First Amendment Right. Part of this practice consists of manifold reprisals and deliberate disregard for rules and regulations which govern their duty to receive, process and answer inmate grievance[s] (602s) in compliance with California Code of Regulations (CCR), Title 15, Division 3, Chapter 1, Article 3, and Department Operations Manual, Chapter 5, Article 3.

According to the Department Operations Manual (DOM), Subsection 54100.2, the purpose of the Inmate-Parolee Appeals Procedure is to:

"Provide a vehicle for review of department policies, procedures, practices, conditions, incidents and actions which may adversely affect an inmate's welfare, status and program," and to "provide for resolution for grievances at the lowest possible level with timely responses to the appellant."

However, when we exercise use of the grievance procedure, CDCR Officials join together to harass (CCR §3004) and retaliate (CCR §3004.1(d)) against us with a combination of any of the following unethical acts. I have personally experienced the harassment which I have marked with an X:

    X 1) Refuse to answer 602s (violation of DOM §33030.6.2).
    X 2) Refuse to give receipt for 602s.
    X 3) Claim to never have received 602 from inmate.
    X 4) Claim to return 602 to inmate (inmate never receives 602).
    X 5) Use the Inmate Appeals Screening Form (CDC Form 695) to manipulate improper, excessive and repetitive delays (violation of CCR §3084.6).
    X 6) Detaching inmate's supporting documents from 602 and returning 602 to inmate with written statement refusing to process 602 because no supporting documents accompany 602 ("moral turpitude" DOM §31140.6.2).
    X 7) Dishonesty (DOM §33030.5.2.6) in "screening out" 602. This unethical method is used in the "rejection criteria" to obstruct the 602 from ever being processed.
    X 8) Reporting deliberate false information (DOM §31140.6.1) in the course of responding to 602.
    X 9) Punitive and harassing cell searches
    X 10) Intra-facility, intra-housing unit inter-cell transfers; reclassification, subsequent unassignment, and disregard for reassignment, etc.
    X 11) Appeals being sent and heard by parties directly involved in the original complaint. (CCR §3084(d)(1)-(A) and DOM 54100.2)

Such acts of moral turpitude are some of the dirty tricks used in their collusive practice of reprisals. They are concerted acts which violate the conspiracy laws of Title 42 U.S.C. 1995(3) and 1986. They are underhanded attempts to assail our efforts to be heard - to frustrate our use of the grievance procedure - and render the "vehicle for review" ineffective. Thus, we become disturbed with a mental anguish that compels us to grab and adopt other means and channels through which to seek and obtain resolution.

The United States Supreme Court requires inmates to exhaust administrative review before entering the arena of judicial review. However, this process becomes unfairly difficult when CDCR Officials tamper with the appeals process.

*SUPPORTING FACTS. 7/22/2020*

Date: 7/22/2020

To:   Section Chief – Special Litigation Section
      Civil Rights Division
      U.S. Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, DC 20530

Subject:: State Prison Inmate Grievance Procedures

State of: *CALIFORNIA, STATE PRISON LA. CO.*

Facility: *CSP LA, Co, STATE PRISON*
*PO BOX 4490 LANCASTER CA 93539*

Section Chief:

Pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 USC 1997a, you are charged with investigating unlawful practices in state prisons.

CRIPA, 42 USC 1997e, also requires states to maintain grievance systems and the DOJ has imposed minimum standards for these grievance procedures. 28CFR 40.1-28 CFR 40.10.

The purpose of this letter is to inform you that the above referenced state and/or facility grievance practices grossly fail to meet the DOJ's minimum standards. Specific violations include but are not limited to the following that are marked with an "X":

X No use of a standard form – 28 CFR 40.7(a)
X Forms not freely available – 28 CFR 40.7(a)
X Assistance not readily available to those who cannot complete a grievance – 28 CFR 40.7(a)
X Employees involved in the matter participate in resolving the grievance – 28 CFR 40.7 (c)
X Replies are not "reasoned" for fail to explain reasons for decision – 28 CFR 40.(d)
X No written replies – 28 CFR 40.7(d)
X No explanation of how to appeal initial decision – 28 CFR 40.7(d)
X Responses not provided within prescribed time limits – 28 CFR 40.7(e)
X No option for review of decision by entity not under the institution's supervision – 28 CFR 40.7(f)
X Obstruction of review process by staff or administration – 28 CFR 40.7 (f)
X Reasonable range of meaningful remedies not available – 28 CFR 40.6
X Reprisals and/or retaliation for filing grievances – 28 CFR 40.9
X Grievances not treated as confidential – 28 CFR 40.10

You have an affirmative duty to enforce the minimum standards and to hold the said agency or facility accountable when their practices fail to meet those standards despite what their written policy may claim.

Therefore, I am requesting that you investigate these practices as described herein and that you take action to remedy the violations of minimum standards.

Thank you for your attention and assistance in this matter.

Sincerely,   *RUBEN E MORA B5 94 32*

Signature: *7/22/2020*
Name, ID#: *(B5L 94 32*

*SUPPORTING DOCUMENTS  7/23/20*

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
**Government Claim Filing Instructions**
DGS ORIM 06 (Rev. 05/2016)

*RUBENE MONT*
*BE 9432*
*PO BOX 4490*
*LANCASTER*
*CA, 93539*
*7/23/2020*

Government Claims Program
Office of Risk and Insurance Management
Department of General Services
P.O. Box 989052, MS 414
West Sacramento, CA 95798-9052

1-800-955-0045 • www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx

### Filing Fee Requirement

The Government Code requires a $25.00 filing fee for all claims presented to the Office of Risk and Insurance Management (ORIM). Materials submitted without a filing fee will not be processed. Checks or Money Orders should be made out to the State of California. If you cannot afford the filing fee, you may request a waiver. For most claim types, the filing fee is refunded if the claim is paid.

### IMPORTANT NOTICE REGARDING CLAIMS FOR STALE-DATED WARRANTS (UNCASHED CHECKS):

Due to changes in State law, effective July 1, 2016, claims for stale-dated warrants (uncashed checks) DO NOT require the $25.00 filing fee and should be filed directly with the department that issued the original check. For example, claims for stale-dated State tax refund checks should be filed with the Franchise Tax Board. However, this form can be used to file such claims. For more information, please contact GCP at 1-800-955-0045

### What types of claims can be filed with Government Claims?

Claims can be filed for losses you believe were caused by the action, or inaction, of a state agency. Claims may include:

- Damage to real or personal property
- Reimbursement for state employee property loss, benefits, salary, or travel expenses
- Refund of a tax, fee, or penalty
- Contract disputes

### What types of claims should not be filed with Government Claims?

Claims against local government agencies must be filed with the responsible local agency. Claims against a University of California (UC) campus must be filed with the UC Regents. Claims against a California State University (CSU) campus must be filed with the campus itself. Claims against school districts or community college districts must be filed with the responsible district. Claims against judicial branch entities must be filed with the Judicial Council.

### Delegated Authority Claims

The VCGCB grants some agencies delegated authority to resolve claims under $1,000.00. If you have a claim for less than $1,000.00, you may file directly with the following entities: California State Teachers' Retirement System, Department of State Hospitals, Department of Motor Vehicles, California Highway Patrol, Department of Consumer Affairs, and Department of General Services.

### The Delegated Authority of the California Department of Transportation (Caltrans)

By law, Caltrans has delegated authority to resolve claims for dollar amounts within the jurisdiction of the small claims courts. The current jurisdiction of the small claims courts is $10,000.00. Therefore, you may file claims for damages less than $10,000.00 directly with Caltrans.

### Claims for Subrogation:

Claims for subrogation should name the insurance company seeking compensation as the claimant. The insurance company employee handling the claim should be named the representative.
Please provide the name of your insured in the space provided (section 7).

### What are the time limits for filing a claim?

Claims relating to the death or injury of a person, or damage to personal property or crops, must be filed no later than six months after the date of the incident. Other claims must be filed no later than one year after the date of the incident. You can request permission to file a late claim. You may want to consult an attorney if you are not sure how the time limits apply to your claim.

Page 1 of 5

*WILL BE Filing ASAP! August VIDEO INTERVIEW 7/23/20 STAFF MisConduct. ASAP*

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

D.  Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

Inmate/Parolee Signature: _____     Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

Inmate/Parolee Signature: _____     Date Submitted: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A (REV 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 21791 | |
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| MORA RUBEN | B19432 | ASU E-149 | ALONE! |

A. Continuation of CDCR 602, Section A only (Explain your Issue): PEACE OFFICERS SA/AS

MS. WILLIAMS SMITH DAVIS
VILLE TOOK AWAY MY DME "LATEX
GLOVES I USE TO PULL THE SHIT
OUT OF MY ASS! ON 7/22/2020.
A 7:00 AM I WILLIAM COME IN
MY CELL WITH HER GANG OF PEACE
OFFICERS. AND MASH MY CELL.
MY HEARING AID'S ARE MISSING AND
PUT IN THE MASH! I JUST GOT
THEM ON 7/22/2020. AND NOW
THERE MISSING FROM MY CELL. "ILL
BEEN HERE SINCE 51 BY I WILLIAMS
AND STATE HERE IN ASU ON SEG!
YOU SEE I HAVE WHITE UP. I WILLIAMS
SO MY HEARING AID'S ARE MISS-
ING! I JUST GOT THEM TO DAY 7/22/20.
GLOOM IN THE BED HAS I GET, IVE
ILE BEEN HERE 7/18/20 BY I WILLIAMS

Inmate/Parolee Signature: _____   Date Submitted: 7/22/20

B. Continuation of CDCR 602, Section B only (Action requested): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

STAFF USE ONLY
REC BY OOA
SEP 04 2020

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

Claim #: 0000000071791

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because _Staff Misconduct._

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

_Yes, I see your Staff to_
_Court I'm here to all the sim pointing facts_
_plus also you said you don't said and supportory_
_facts any more so I'm not good to give you_
_Documents that won't be masted by your_
_Department_

RES BY OCA

SEP - 4 2020

Reminder: Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _____

Date Signed: 8/31/20

MAIL TO:

Office of Appeals
Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 95811

| Staff Signature | Title | Date/Time |
|---|---|---|
| R. Johnson [JORA002] | Warden | 08/05/2020 |



RUBEN E MORA
B19432
PO BOX-4490
LANCASTER CA,
93539

ASU
CDCR STATE PRISON
GENERATED MAIL

SEP 04 2020

REC BY OOA

To: OFFICE OF APPEALS
DEPARTMENT OF CORRECTIONS
REHABILITATION
PO BOX 942883
SACRAMENTO, CA 95811

LEGAL MAIL
8/31/2020

*RUBEN E MONA BI9482*
*PO BOX-4490          ASU-E M9*
*LANCASTER CA, 93539*
*7/22/2.2.*

Date: 7/22/2020

To: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001

Subject: Retaliation & Conspiracy to Violate Inmates' First Amendment Rights
RE: *(SP LA Co STATE PRISON), CA,* (facility name)

Dear Director,

The primary problem concerns California Department of Corrections and Rehabilitation (CDCR) Officials' conspiratorial practice to violate inmates' First Amendment Right. Part of this practice consists of manifold reprisals and deliberate disregard for rules and regulations which govern their duty to receive, process and answer inmate grievance[s] (602s) in compliance with California Code of Regulations (CCR), Title 15, Division 3, Chapter 1, Article 3, and Department Operations Manual, Chapter 5, Article 3.

According to the Department Operations Manual (DOM), Subsection 54100.2, the purpose of the Inmate-Parolee Appeals Procedure is to:
"Provide a vehicle for review of department policies, procedures, practices, conditions, incidents and actions which may adversely affect an inmate's welfare, status and program," and to "provide for resolution for grievances at the lowest possible level with timely responses to the appellant."

However, when we exercise use of the grievance procedure, CDCR Officials join together to harass (CCR §3000) and retaliate (CCR §3084.1(d)) against us with a combination of any of the following unethical acts. I have personally experienced the harassment which I have marked with an X:

X 1) Refuse to answer 602s (violation of DOM §33030.6.2).

X 2) Refuse to give receipt for 602s.

X 3) Claim to never have received 602 from inmate,

X 4) Claim to return 602 to inmate (inmate never receives 602).

X 5) Use the Inmate Appeals Screening Form (CDC Form 695) to manipulate improper, excessive and repetitive delays (violation of CCR §3084.6).

X 6) Detaching inmate's supporting documents from 602 and returning 602 to inmate with written statement refusing to process 602 because no supporting documents accompany 602 ("moral turpitude" DOM §31140.6.2).

X 7) Dishonesty (DOM §33030.5.2.6) in "screening out" 602. This unethical method is used in the "rejection criteria" to obstruct the 602 from ever being processed..

X 8) Reporting deliberate false information (DOM §31140.6.1) in the course of responding to 602.

X 9) Punitive and harassing cell searches

X 10) Intra-facility, intra-housing unit inter-cell transfers; reclassification, subsequent unassignment, and disregard for reassignment, etc.

X 11) Appeals being sent and heard by parties directly involved in the original complaint. (CCR §3084(d)(1)-(A) and DOM 54100.2)

Such acts of moral turpitude are some of the dirty tricks used in their collusive practice of reprisals. They are concerted acts which violate the conspiracy laws of Title 42 U.S.C. 1995(3) and 1986. They are underhanded attempts to assail our efforts to be heard - to frustrate our use of the grievance procedure - and render the "vehicle for review" ineffective. Thus, we become disturbed with a mental anguish that compels us to grab and adopt other means and channels through which to seek and obtain resolution."

The United States Supreme Court requires inmates to exhaust administrative review before entering the arena of judicial review. However, this process becomes unfairly difficult when CDCR Officials tamper with the appeals process.

*SUPPORTING FACTS. 7/22/2020*

Date: 7/22/2020

To: Section Chief – Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Subject: State Prison Inmate Grievance Procedures

State of: *CALIFORNIA, STATE PRISON LA. CO.*

Facility: *CSP/LA, CO, STATE PRISON*
*PO BOX 4490 LANCASTER CA 93539*

Section Chief:

Pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 USC 1997a, you are charged with investigating unlawful practices in state prisons.

CRIPA, 42 USC 1997e, also requires states to maintain grievance systems and the DOJ has imposed minimum standards for these grievance procedures. 28CFR 40.1-28 CFR 40.10.

The purpose of this letter is to inform you that the above referenced state and/or facility grievance practices grossly fail to meet the DOJ's minimum standards. Specific violations include but are not limited to the following that are marked with an "X":

X No use of a standard form – 28 CFR 40.7(a)
X Forms not freely available - 28 CFR 40.7(a)
X Assistance not readily available to those who cannot complete a grievance – 28 CFR 40.7(a)
X Employees involved in the matter participate in resolving the grievance - 28 CFR 40.7 (c)
X Replies are not "reasoned" for fail to explain reasons for decision - 28 CFR 40.(d)
X No written replies - 28 CFR 40.7(d)
X No explanation of how to appeal initial decision - 28 CFR 40.7(d)
X Responses not provided within prescribed time limits - 28 CFR 40.7(e)
X No option for review of decision by entity not under the institution's supervision - 28 CFR 40.7(f)
X Obstruction of review process by staff or administration - 28 CFR 40.7 (f)
X Reasonable range of meaningful remedies not available - 28 CFR 40.6
X Reprisals and/or retaliation for filing grievances - 28 CFR 40.9
X Grievances not treated as confidential - 28 CFR 40.10

You have an affirmative duty to enforce the minimum standards and to hold the said agency or facility accountable when their practices fail to meet those standards despite what their written policy may claim.

Therefore, I am requesting that you investigate these practices as described herein and that you take action to remedy the violations of minimum standards.

Thank you for your attention and assistance in this matter.

Sincerely, *RUBEN E MORA BISH32*

Signature: *[signature]* 7/22/2020
Name, ID#: *BI 9432*

*SUPPORTING DOCUMENTS 7/23/20*

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
**Government Claim Filing Instructions**
DGS ORIM 06 (Rev. 05/2016)

*RUBENE MONT*
*BE9432*
*PO BOX 4490*
*LANCASTER*
*CA, 93539*
*7/23/2020*

Government Claims Program
Office of Risk and Insurance Management
Department of General Services
P.O. Box 989052, MS 414
West Sacramento, CA 95798-9052

1-800-955-0045 • www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx

### Filing Fee Requirement

The Government Code requires a $25.00 filing fee for all claims presented to the Office of Risk and Insurance Management (ORIM). Materials submitted without a filing fee will not be processed. Checks or Money Orders should be made out to the State of California. If you cannot afford the filing fee, you may request a waiver. For most claim types, the filing fee is refunded if the claim is paid.

### IMPORTANT NOTICE REGARDING CLAIMS FOR STALE-DATED WARRANTS (UNCASHED CHECKS):

Due to changes in State law, effective July 1, 2016, claims for stale-dated warrants (uncashed checks) DO NOT require the $25.00 filing fee and should be filed directly with the department that issued the original check. For example, claims for stale-dated State tax refund checks should be filed with the Franchise Tax Board. However, this form can be used to file such claims. For more information, please contact GCP at 1-800-955-0045.

### What types of claims can be filed with Government Claims?

Claims can be filed for losses you believe were caused by the action, or inaction, of a state agency. Claims may include:

- Damage to real or personal property
- Reimbursement for state employee property loss, benefits, salary, or travel expenses
- Refund of a tax, fee, or penalty
- Contract disputes

### What types of claims should not be filed with Government Claims?

Claims against local government agencies must be filed with the responsible local agency. Claims against a University of California (UC) campus must be filed with the UC Regents. Claims against a California State University (CSU) campus must be filed with the campus itself. Claims against school districts or community college districts must be filed with the responsible district. Claims against judicial branch entities must be filed with the Judicial Council.

### Delegated Authority Claims

The VCGCB grants some agencies delegated authority to resolve claims under $1,000.00. If you have a claim for less than $1,000.00, you may file directly with the following entities: California State Teachers' Retirement System, Department of State Hospitals, Department of Motor Vehicles, California Highway Patrol, Department of Consumer Affairs, and Department of General Services.

### The Delegated Authority of the California Department of Transportation (Caltrans)

By law, Caltrans has delegated authority to resolve claims for dollar amounts within the jurisdiction of the small claims courts. The current jurisdiction of the small claims courts is $10,000.00. Therefore, you may file claims for damages less than $10,000.00 directly with Caltrans.

### Claims for Subrogation:

Claims for subrogation should name the insurance company seeking compensation as the claimant. The insurance company employee handling the claim should be named the representative.
Please provide the name of your insured in the space provided (section 7).

### What are the time limits for filing a claim?

Claims relating to the death or injury of a person, or damage to personal property or crops, must be filed no later than six months after the date of the incident. Other claims must be filed no later than one year after the date of the incident. You can request permission to file a late claim. You may want to consult an attorney if you are not sure how the time limits apply to your claim.

Page 1 of 5

*WILL BE Filing ASAP! AUGUST VIDEO INTERVIEW*
*7/23/20 STAFF MISConduct. PSMP*

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):**

**Inmate/Parolee Signature:** __________ **Date Submitted:** __________

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):**

**Inmate/Parolee Signature:** __________ **Date Submitted:** __________

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: 21791 | Category: |
|---|---|---|---|

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): MORA RUBEN   CDC Number: B19432   Unit/Cell Number: ASY E-149   Assignment: NONE!

**A. Continuation of CDCR 602, Section A only (Explain your issue):** PEACE OFFICERS SALAS

MS (T WILDAMS, SMITH, DAVIS
VILLE, TOOK AWAY MY DME 'IARY
GLOVES I USE to pull THE SHIT
OUT OF MY ASS' ON 7/22 2020.
At 1:00 pm (T WILLIAM come IN
MY CELL WITH HER GANG OF PEACE
OFFICERS, AND TRASH MY CELL
MY HEARING AID's ARE MISSING AND
PUT IN THE TRASH (I JUST GOT
THEM ON 7/22 2020. AND NOW
THERE MISSING FROM MY CELL. "I'LL
BEEN HARASS'I BY (T WILLIAMS
AND STAFF HERE IN ASU OR SEG!
YOU'LL SEE I HAVE WROTE UP (T WILLIAMS.
ALSO MY HEARING AID's ARE MISS
ING! I JUST GOT THEM TO day 7/22/20.
900 AM I'VE BEEN HARASSED, I'VE
I'VE BEEN HERE 7/18/20 BY (T WILLIAMS

Inmate/Parolee Signature: _____ Date Submitted: 7/22/20

**B. Continuation of CDCR 602, Section B only (Action requested):** _____

Inmate/Parolee Signature: _____ Date Submitted: _____

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

Claim #: _0000000 7179 1_

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because _Staff Misconduct!_

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

_I I I See your staff to
Plus you they said you don't send and supporting
facts any way in my list go to give you
Audienquts that won't be masked by your
Department_

RES BY OOA

SEP - 4 2020

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

**Claimant Signature:** _[signature]_

**Date Signed:** _8/31/20_

MAIL TO:
Office of Appeals
Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 95811

| Staff Signature | Title | Date/Time |
|---|---|---|
| R. Johnson [JORA002] | Warden | 08/05/2020 |



US POSTAGE PITNEY BOWES
ZIP 93215 $ 002.80⁰
02 4M 0256 MAR 17 2021
0000304 9256

KVSP LEGAL MAIL

Rube
#BI7832, 10 yard 10-1-113.
KVSP STATE PRISON
P.O. BOX - 5102
DELANO CA 93216



CLERK, U.S. DISTRICT COURT
RECEIVED
MAR 2 9 2021
CENTRAL DISTRICT OF CALIFORNIA

(CENTRAL DISTRICT OF CALIFORNIA)
U.S. CourtHouse
312 N. Spring Street
Los Angeles, CA 90012.



Kern Valley State
Facility A, Building 7