1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11    RUBEN EDWARD MORA,                    Case No. 2:21-cv-02708-CJC-SHK

12                          Plaintiff,      **ORDER DISMISSING COMPLAINT**
                                            **WITH LEAVE TO AMEND**
13              v.

14    LT. WILLIAMS, et al.,

15                          Defendants.

16

17

18         On March 16, 2021, Plaintiff Ruben Edward Mora ("Plaintiff"), an inmate

19   housed at Kern Valley State Prison and proceeding pro se and in forma pauperis

20   ("IFP"), constructively filed[1] a civil rights Complaint ("Complaint" or "Compl.")

21   against Correctional Officer ("CO") Lt. Williams ("CO Williams"), CO M. Smith

22   ("CO Smith"), CO Ms. Davis ("CO Davis"), Warden Johnson, CO Salas, and Nurse

23   Practitioner ("NP") Kehinde (collectively "Defendants"), all in their individual and

24   official capacities as employees of the California State Prison in Los Angeles,

25   California ("CSPLA"), under 42 U.S.C. § 1983 ("§ 1983") for events that allegedly

26   _____

27   [1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to
     court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v.
28   Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by
     pro se prisoners).

occurred on July 22, 2020.  Electronic Case Filing Number ("ECF No.") 1, Compl.; ECF No. 4, Order Granting IFP Application.  For the reasons discussed below, the Complaint is **DISMISSED** without prejudice and with leave to amend.

# I.        BACKGROUND

On March 16, 2021, Plaintiff constructively filed the Complaint against Defendants under § 1983 alleging violations of Plaintiff's rights under the Eighth Amendment of the United States Constitution.  ECF No. 1, Compl. at 1.  As an initial matter, the Court notes that Plaintiff's handwriting is very difficult to read and, therefore, it sets forth Plaintiff's claims as best as they can be understood. Specifically, Plaintiff asserts that on July 22, 2020, at around 12:30 p.m., he "was left with shackles, leg irones [sic] causing [him] to injure [him]self, hitting [his] head on the ground really hard knocking [him]self out hurting [his] back." Id. at 1 (capitalization normalized).  Plaintiff asserts he is "a 52 year[] old (ADA) inmate [illegible] [illegible] [illegible] diabetic type-2 high risk medical problems." Id. (capitalization normalized).

Plaintiff alleges that at "around 9:45 p.m. [he] got out of [his] bed thinking the leg iron shackles were spode [sic] to be taking off, before second watch went home.  [Plaintiff] was told by Lt. Williams and CO Davis, CO Smith, CO Salas, Warden Johnson to go F- Off!" Id. (capitalization normalized).  Plaintiff asserts that "they did not take off [his] leg iron shackles nor did [he] get any medical treatment for [his] injuries" and that he is "still not getting treatment." Id. (capitalization normalized).

Plaintiff stated that he has filed two other cases in the United States District Court for the Eastern District of California and that both are still pending. Id. at 2, 7 (citing—as best as the Court can tell because, again, Plaintiff's handwriting is difficult to read—Case Nos. 2:20-cv-0746-JKM-HDP (PC) and 2:20-cv-0749-EFB-P).

/ / /

2

In Plaintiff's prayer for relief, Plaintiff seeks an order enjoining Defendants Warden Johnson, CO Williams, CO Davis, CO Smith, CO Salas and the California Department of Corrections and Rehabilitation ("CDCR") from their "physical violence and threats towards Plaintiff[,]" $50,000 from each Defendant in monetary damages, $50,000 total in punitive damages, and any additional relief the Court deems proper.  Id. at 6.

Plaintiff also attached several documents to his Complaint, which Plaintiff failed to reference or to explain the relevance of in the Complaint, so the Court discusses them in turn below.

First, Plaintiff attached a "Claimant Appeal Claims Decision Response" form from February 1, 2021, that states, in pertinent part, that Plaintiff "alleges the Institutional Classification Committee at California State Prison, Los Angeles County retaliated against [Plaintiff] by adding points to [Plaintiff's] custody level." Id. at 8 (capitalization normalized).  Notably, this document does not reference any of the facts or Defendants cited in Plaintiff's Complaint relating to Plaintiff's alleged shackling, falling, or head and back injury for which Plaintiff allegedly did not receive medical treatment.

Second, Plaintiff attached a "Claimant Grievance Claims Decision Response" form, in which Plaintiff alleges facts not related to his instant case.  Specifically, Plaintiff appears to assert in this exhibit "that on July 22, 2020, he was being harassed by Lieutenant (Lt.) Williams and on the above date Lt. Williams along with Correctional Officers Salas, Smith, Davis, and Villa took away his durable medical equipment latex gloves during a cell search and threw away his hearing aids." Id. at 10.  Notably, this administrative remedy form—that includes allegations from events that allegedly took place on July 22, 2020, which is the same date Plaintiff alleges the facts in his instant Complaint occurred—is also silent with regard to the facts alleged in Plaintiff's instant Complaint.  See id.

/ / /

3

1    Third, Plaintiff submitted multiple other handwritten "Inmate/Parolee

2    Appeal" forms, where Plaintiff repeats his allegations that his hearing aids and latex

3    gloves were taken away from him and not given back.  Id. at 11-12, 17-18, 25-26

4    (capitalization normalized).  Again, none of these documents reference the facts

5    alleged in Plaintiff's Complaint.

6        Since filing his Complaint, Plaintiff has filed the following: (1) two

7    Declarations in this case on April 15, 2021, and May 24, 2021, ECF Nos. 6, 10;

8    (2) a proposed "Order to Show Cause for an [sic] Preliminary Injunction [and] a

9    Temporary Restraining Order," ECF No. 7, which the Court denied, ECF No. 8; and

10   (3) a document titled "Pleadings," ECF No. 9, which the Court construed as a

11   request for the issuance of a summons and denied, ECF No. 11.

12                    **II.        STANDARD OF REVIEW**

13       Because Plaintiff is proceeding IFP, the Court must screen the Complaint and

14   is required to dismiss the case at any time if it concludes the action is frivolous or

15   malicious, fails to state a claim on which relief may be granted, or seeks monetary

16   relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b);

17   see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (dismissing

18   complaint for failing to state any elements of claims for relief).

19       In determining whether a complaint fails to state a claim for screening

20   purposes, the Court applies the same pleading standard from Federal Rules of Civil

21   Procedure ("Rule") 8 as it would when evaluating a motion to dismiss under Rule

22   12(b)(6).  Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a),

23   a complaint must contain a "short and plain statement of the claim showing that the

24   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

25       A complaint may be dismissed for failure to state a claim "where there is no

26   cognizable legal theory or an absence of sufficient facts alleged to support a

27   cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)

28   (citation and internal quotation marks omitted).  In considering whether a complaint

states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the Court finds the complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be

1   cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d

2   at 1107-11; see also Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002)

3   (upholding dismissal without leave to amend where additional facts did not establish

4   elements of claim).

5                                   **III.     DISCUSSION**

6          Here, as an initial matter, although Plaintiff has filed numerous documents

7   with the Court since filing his Complaint, the Court does not consider any facts

8   contained in Plaintiff's later filed documents when screening Plaintiff's instant

9   Complaint.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1997) (the Court

10  "consider[s] only the contents of the complaint[]" because "a district court generally

11  may not consider any material beyond the pleadings." (citations and internal

12  quotation marks omitted)).

13         Moreover, even the exhibits Plaintiff attached to his Complaint do not appear

14  to be properly before the Court because, as best as the Court can tell because

15  Plaintiff's handwriting is very difficult to read, Plaintiff failed to reference these

16  attachments in his Complaint or describe their relevance to this case.  See id.

17  ("material which is properly submitted as part of the complaint may be considered"

18  and a "document is not outside the complaint if the complaint specifically refers to

19  the document and if its authenticity is not questioned." (citations and internal

20  quotation marks omitted)).  Further, after careful review of the exhibits Plaintiff

21  attached to his Complaint, the Court finds that these documents are not relevant or

22  helpful to Plaintiff's case because, as discussed above, the exhibits discuss only

23  facts unrelated to Plaintiff's instant Complaint, such as Plaintiff's cell being

24  searched and Plaintiff's medical equipment and hearing aids being thrown away.

25  Nevertheless, because the Court cannot be sure that Plaintiff did not discuss the

26  exhibits in his Complaint due to Plaintiff's handwriting, the Court gives Plaintiff the

27  benefit of the doubt and has considered the contents of these documents here.

28  / / /

Turning now to the merits of Plaintiff's Complaint, the Court finds that it is subject to dismissal, without prejudice and with leave to amend, for the following reasons.[2]

### A.    Plaintiff's Claims Violate Rule 8.

First, Plaintiff's claims fail because they violate Rule 8.  To sufficiently plead a cognizable § 1983 claim, a plaintiff must allege facts from which it may be inferred that: (1) he or she was deprived of a federal right, and (2) a person who committed the alleged violation acted under the color of state law.  West v. Atkins, 487 U.S. 42, 48, (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).  Additionally, a plaintiff must allege that he or she suffered a specific injury and show a causal relationship between the defendant's conduct and the injury suffered.  See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976).

Rule 8 requires that a complaint provide sufficient facts to give a defendant fair notice of the claims against them.  Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  In other words, Rule 8 requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss."  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131-32 (9th Cir. 2008).  "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

To properly state a claim against defendants in their individual capacities, a plaintiff must explain:

(1)    the constitutional right that [plaintiff] believes was violated;

---

[2] The Court does not purport to address all the deficiencies below and, instead, addresses only the most glaring defects present in Plaintiff's Complaint.

1   (2)  the name of the defendant who violated the right;

2   (3)  exactly what the defendant did or failed to do;

3   (4)  how the action or inaction of the defendant is connected to the violation

4       of [plaintiff's] constitutional right; and

5   (5)  what specific injury [plaintiff] suffered because of the defendant's

6       conduct.

Tucker v. Stewart, 72 F. App'x 597, 598 (9th Cir. 2003) (denying Plaintiff's claims for failing to satisfy Rule 8 where he failed to allege these elements as instruct[ed] by the district court).  Where a plaintiff sues multiple defendants, "[s]pecific identification of the parties to the activities alleged by [a plaintiff] is required . . . to enable the defendant to plead intelligently."  Sherrell v. Bank of Am., N.A., No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011) (internal quotations omitted).

Here, as noted above, Plaintiff sues CO Williams, CO Smith, CO Davis, CO Salas, Warden Johnson, and NP Kehinde in their individual and official capacities. With respect to Plaintiff's allegations against Defendants in their individual capacities, Plaintiff's Complaint fails to meet the Rule 8 pleading requirements because Plaintiff failed to clearly show a causal relationship between each specific Defendants' conduct and the injury Plaintiff suffered.

For example, Plaintiff alleges first that he is "a 52 year[] old (ADA) inmate [illegible] [illegible] [illegible] diabetic type-2 high risk medical problems." ECF No. 1, Compl. at 1 (capitalization normalized).  As best as the Court can tell, Plaintiff appears to allege that he is a disabled inmate who is protected by the Americans with Disabilities Act ("ADA").

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability in the provision of a program, activity, or service.  42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits

of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").  "[T]he plain text of Title II of the ADA unambiguously extends to state prison inmates."  See Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998).

Here, to the extent Plaintiff is bringing a claim under the ADA, Plaintiff has failed to indicate who discriminated against him, how he was discriminated against, or when the alleged acts of discrimination occurred.  Thus, Plaintiff's allegations that he is an ADA inmate are insufficient to state a claim against any of the named Defendants in this case because these allegations fail to show a causal relationship between each Defendants' conduct and an injury Plaintiff suffered, all in violation of Rule 8.

Next, Plaintiff alleges that on July 22, 2020, at around 12:30 p.m., he "was left with shackles, leg irones [sic] causing [him] to injure [him]self, hitting [his] head on the ground really hard knocking [him]self out hurting [his] back."  ECF No. 1, Compl. at 1 (capitalization normalized).  Plaintiff adds that at "around 9:45 p.m. [he] got out of [his] bed thinking the leg iron shackles were spode [sic] to be taking off, before second watch went home.  [Plaintiff] was told by Lt. Williams and CO Davis, CO Smith, CO Salas, Warden Johnson to go F- Off[,]" that "they did not take off [his] leg iron shackles nor did [he] get any medical treatment for [his] injuries" and that he is "still not getting treatment."  Id. (capitalization normalized).  Plaintiff brings this claim under the Eighth Amendment.  See id. at 3-5.

Here, based on Plaintiff's allegations, it is unclear to the Court how each Defendant specifically participated in Plaintiff's alleged injury.  For example, Plaintiff does not even mention NP Kehinde in his allegations.  Thus, Plaintiff has failed to show a causal relationship between NP Kehinde's conduct and the injury he suffered in violation of Rule 8.  Thus, Plaintiff's claims against NP Kehinde are subject to dismissal for violating Rule 8.

/ / /

Similarly, Plaintiff's allegations against the remaining named Defendants—CO Williams, CO Smith, CO Davis, CO Salas, and Warden Johnson—also violate Rule 8. Specifically, Plaintiff alleges that on July 22, 2020, at around 12:30 p.m., he "was left with shackles, leg irones [sic] causing [him] to injure [him]self, hitting [his] head on the ground really hard knocking [him]self out hurting [his] back" and that at "around 9:45 p.m. [he] got out of [his] bed thinking the leg iron shackles were spode [sic] to be taking off, before second watch went home[ and]  [Plaintiff] was told by Lt. Williams and CO Davis, CO Smith, CO Salas, Warden Johnson to go F- Off." ECF No. 1, Compl. at 1 (capitalization normalized). Critically, however, Plaintiff does not indicate whether he was injured before or after the remaining Defendants allegedly encountered Plaintiff and made the lewd comment. Plaintiff alleges only that he got out of bed at 9:45 p.m. thinking that his shackles were supposed to be taken off earlier and that he was told by the remaining Defendants to "F-Off." Id.

This omission of when Plaintiff actually sustained his injuries is material here because if, for example, the remaining Defendants merely passed by Plaintiff's cell and made the comment for some unrelated reason before Plaintiff was even allegedly injured, then Plaintiff has failed to demonstrate a causal relationship between the remaining Defendants' conduct, in this case their comments, and Plaintiff's injuries.

And with respect to the remainder of Plaintiff's allegations—that his leg shackles were not removed and that he did not, and still has not, received treatment for his injuries—Plaintiff has failed to allege whether he told any of the Defendants about his injuries, who he told about his injuries, and when he told them, let alone the causal connection between Defendants' conduct and Plaintiff's injuries. Thus, even taking Plaintiff's allegations as true, as the Court must this stage in the litigation, Plaintiff's sole claim against Defendants does not adhere to Rule 8 and is subject to dismissal.

1    **B.    Plaintiff Fails To State A Claim Under The ADA.**

2         As discussed above, Title II of the ADA prohibits a public entity from

3    discriminating against a qualified individual with a disability in the provision of a

4    program, activity, or service.  42 U.S.C. § 12132.

5         In order to successfully allege a claim under Title II of the ADA, Plaintiff

6    must sufficiently allege that:

7              (1) he is an individual with a disability; (2) he is otherwise qualified to

8              participate in or receive the benefit of some public entity's services,

9              programs, or activities; (3) he was either excluded from participation in

10             or denied the benefits of the public entity's services, programs, or

11             activities, or was otherwise discriminated against by the public entity;

12             and (4) such exclusion, denial of benefits, or discrimination was by

13             reason of [his] disability.

14   Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (citation

15   omitted), overruled on other grounds by Castro v. Cty. of L.A., 833 F.3d 1060 (9th

16   Cir. 2016) (en banc).

17        The ADA defines a disability as "a physical or mental impairment that

18   **substantially limits** one or more major life activities" of the plaintiff.  42 U.S.C.

19   § 12102(1) (emphasis added).  A "qualified individual" is defined as "an individual

20   with a disability who, with or without reasonable modifications . . . meets the

21   essential eligibility requirements" to participate in "programs or activities provided

22   by a public entity."  42 U.S.C. § 12131(2).  Prisons are "public entities" within the

23   meaning of the ADA, and the provision of medical care constitutes a "service[],

24   program[], or activit[y]" referred to in § 12132.  See Pennsylvania Dep't of Corr. v.

25   Yeskey, 524 U.S. 206, 210 (1998).

26        Here, in addition to Plaintiff's claims violating Rule 8, Plaintiff has also failed

27   to state a claim under the ADA.  Plaintiff merely claims that he is a disabled inmate

28   protected under the ADA, see ECF No. 1, Compl. at 1, but Plaintiff has not made

any allegations that he was discriminated against by the Defendants, let alone that any discrimination against Plaintiff was because of Plaintiff's disability.  See Simmons, 609 F.3d at 1021.  Accordingly, Plaintiff failed to state a claim under the ADA.

### C.    Plaintiff Fails To State An Eighth Amendment Claim.

The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement," including adequate medical care and protection from undue harm.  Farmer v. Brennan, 511 U.S. at 825, 832 (1994). Deliberate indifference to a prisoner's medical needs—e.g., prison doctors or guards who intentionally deny, delay, or interfere with treatment or medical care—therefore constitutes cruel and unusual punishment in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

To demonstrate deliberate indifference under the Eighth Amendment, a plaintiff must allege that: (1) the deprivation, objectively, creates "a substantial risk of serious harm"; and (2) the prison official responsible for the deprivation has a "sufficiently culpable state of mind" indicating "the unnecessary and wanton infliction of pain." Farmer, 511 U.S. at 834.  As such, the standard is not satisfied by a showing of medical malpractice or mere negligence.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

To satisfy the first prong of the deliberate indifference standard, a plaintiff must demonstrate a serious medical need.  An inmate's medical need is "serious" if failure to treat his or her medical condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).  This does not require that a plaintiff show they suffered any substantial harm or significant injury because of the alleged misconduct.  Id.  Nevertheless, courts still consider whether "a reasonable doctor or patient would find [the prisoner's condition] important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

1  individual's daily activities; or the existence of chronic and substantial pain."

2  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

3  grounds by WMX Technologies. Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

4       The second prong of the deliberate indifference standard—Defendant's

5  sufficiently culpable state of mind—requires that the prison official "be aware of

6  facts from which the inference could be drawn that a substantial risk of serious harm

7  exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  This

8  requires that a plaintiff state facts showing that the official acted in purposeful

9  disregard of excessive risk.  See Toguchi, 391 F.3d at 1060.

10      Here, Plaintiff has failed to state an Eighth Amendment Claim.  As noted

11  above, Plaintiff alleges that on July 22, 2020, at around 12:30 p.m., he "was left

12  with shackles, leg irones [sic] causing [him] to injure [him]self, hitting [his] head on

13  the ground really hard knocking [him]self out hurting [his] back" and that at

14  "around 9:45 p.m. [he] got out of [his] bed thinking the leg iron shackles were spode

15  [sic] to be taking off, before second watch went home[ and]  [Plaintiff] was told by

16  Lt. Williams and CO Davis, CO Smith, CO Salas, Warden Johnson to go F- Off."

17  ECF No. 1, Compl. at 1 (capitalization normalized).  And again, critically, Plaintiff

18  does not indicate whether he was injured before or after the remaining Defendants

19  allegedly made the lewd comment.

20      This omission is material because if, for example, the remaining Defendants

21  merely passed by Plaintiff's cell and made the comment for some unrelated reason

22  before Plaintiff was even allegedly injured and without noticing Plaintiff's leg

23  shackles, Defendants' comments would likely not satisfy the first prong of the

24  deliberate indifference standard—that Plaintiff had a serious medical need—or the

25  second prong of the standard, that Defendants had a culpable state of mind.

26  Moreover, the exhibits Plaintiff attached to his Complaint suggest that Plaintiff had

27  other issues with these Defendants, unrelated to Plaintiff's instant case, on the same

28  day that Plaintiff allegedly fell and injured himself.  Specifically, as noted above, the

attachments Plaintiff filed with his Complaint suggest that these Defendants allegedly searched Plaintiff's cell and threw away Plaintiff's hearing aids and medical supplies.

With respect to the remainder of Plaintiff's allegations—that his leg shackles were not removed and that he did not, and still has not, received treatment for his injuries—Plaintiff has failed to allege whether he told any of the Defendants about his injuries, who he told about his injuries, and when he told them. Thus, it is not clear from Plaintiff's allegations whether any of the Defendants actually knew that Plaintiff was injured and needed medical help, and if so, when each Defendant was made aware of these facts. Accordingly, Plaintiff has failed to sufficiently state a claim for relief against any of the Defendants in their individual capacity under the Eighth Amendment by demonstrating that the Defendants were deliberately indifferent to Plaintiff's risk of harm or serious medical need.

### D.   Plaintiff's Official Capacity Claims For Monetary Damages Are Barred By The Eleventh Amendment And Are Subject To Dismissal.

With respect to Plaintiff's claims seeking monetary damages against Defendants in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment and are subject to dismissal.

The Eleventh Amendment to the United States Constitution sets out the principle of State sovereign immunity and provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. In other words, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citations omitted).

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985) (citation omitted); <u>see</u> also <u>Mitchell v. Washington</u>, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his . . . official capacity."). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 166. This means that when an officer is accused of violating someone's constitutional rights, under § 1983, in their official capacity, the real defendant is their employer.

However, states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 64-66 (1989); <u>Hafer v. Melo</u>, 502 U.S. 21, 26-27, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities nor for prospective injunctive relief against state officials sued in their official capacities).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have "unequivocally expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. See <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 99-100 (1984); <u>Virginia Office for Protect. & Advocacy v. Stewart</u>, 563 U.S. 247, 253-54 (2011). California has consented to be sued in its own courts pursuant to the California Tort Claims Act, but such consent does not extend to consent to suit in federal court. See <u>BV Eng'g v. Univ. of Cal., Los Angeles</u>, 858 F.2d 1394, 1396 (9th Cir. 1988); <u>see</u> also <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of the State's Eleventh Amendment immunity). Further, the U.S. Congress has not abrogated, or waived, State sovereign immunity against suits under § 1983.

/ / /

/ / /

The CDCR is an agency of the State of California and, therefore, entitled to Eleventh Amendment immunity, under the U.S. Constitution.  See Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).

Here, to the extent Plaintiff sues Defendants in their official capacity for monetary damages, Plaintiff's claims are barred by the Eleventh Amendment and are subject to dismissal.  See id.

**E.      Plaintiff's Claims Against The CDCR Fail For Violating Rule 10.**

As noted above, in Plaintiff's prayer for relief, Plaintiff seeks an injunction against the CDCR.  Plaintiff, however, failed to name the CDCR as a defendant in this case in violation of Rule 10(a).  See Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint). Because Plaintiff failed to name the CDCR the caption of his Complaint, the Court cannot serve the Complaint on the CDCR.  See Soto v. Bd. of Prison Term, No. CIV S-06-2502 RRB DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007) (The Court cannot order service of the Complaint without the names of the parties included in the caption of the Complaint).

Consequently, because Plaintiff violated Rule 10(a) by failing to name the CDCR in the caption of the Complaint, and because the Court cannot order service of the Complaint on the CDCR, any claims against the CDCR are subject to dismissal.  See Martinez v. Davey, No. 16-cv-1658-AWI-MJS (PC), 2018 WL 898153, at *5 (E.D. Cal. Feb. 15, 2018) (dismissing, among other reasons, because "Plaintiff makes allegations against numerous non-party individuals not named in the caption of the complaint" in violation of Rule 10(a)).

**F.      Plaintiff's Request For Injunctive Relief Fails.**

As discussed above, Plaintiff seeks for an order enjoining Defendants Warden Johnson, CO Williams, CO Davis, CO Smith, CO Salas and the CDCR from their "physical violence and threats towards Plaintiff."  ECF No. 1, Compl. at 6.

/ / /

To obtain preliminary injunctive relief, a plaintiff must show "'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). However, "a 'likelihood' of success per se is not an absolute requirement." Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014) (citation omitted). "Rather, serious questions going to the merits and a hardship balance that tips sharply toward the [plaintiff] can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Id. "When the government is a party, the[] last two factors [i.e., balancing of the equities and the public interest] merge." Id. at 1092.

Here, Plaintiff has not demonstrated that he is likely to succeed on the merits for the reasons discussed above. Moreover, Plaintiff has not alleged anywhere in his Complaint that Defendants have done the acts he seeks an order enjoining them from doing—specifically perpetrating "physical violence and threats towards Plaintiff"— and, instead, Plaintiff alleges that he was injured when he fell down. ECF No. 1, Compl. at 6. Thus, Plaintiff has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief. As such, Plaintiff has not demonstrated that the balance of equities tips in his favor and that an injunction is in the public interest. Consequently, Plaintiff's request for injunctive relief fails and is subject to dismissal.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, and with leave to amend. It is further ordered that, if Plaintiff would like to continue to prosecute this action, Plaintiff may file a **First Amended Complaint ("FAC")** within **twenty-one days** of this Order issuing.

/ / /

On the first page, Plaintiff should clearly designate on the face of the document that it is the "First Amended Complaint," include the docket number assigned to this case, and write the amended pleading on this Court's **CV-066 form**, which **the Clerk of Court is directed to mail to Plaintiff along with this Order**.

**In the body of the FAC, Plaintiff must include all claims that Plaintiff would like to pursue, even if Plaintiff previously stated them in the original Complaint.** If Plaintiff does not raise a claim in the FAC, the Court will consider it waived. Plaintiff cannot refer to the original Complaint or any other pleading, attachment, or document to state a claim in the FAC. Plaintiff cannot include in the body of the FAC any new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.

For the claims that the Court found deficient in the above Order, Plaintiff must fix the deficiencies consistent with the Court's Order in the FAC if Plaintiff wishes to continue litigating those claims. Plaintiff should note that if Plaintiff files a FAC restating deficient claims without fixing them, the Court may not allow Plaintiff another opportunity to file an amended complaint and instead may dismiss the action. If there are claims which the Court did not find deficient, Plaintiff **must still re-plead that claim in the FAC in its entirety** if Plaintiff seeks to continue litigating the claim.

**Plaintiff is cautioned that if Plaintiff does not timely file a FAC, the Court will recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b).** Dismissal "with prejudice" means that Plaintiff will not be able to bring this action in federal court again, while "without prejudice" means Plaintiff can re-file this action in this Court. If Plaintiff believes more time is necessary to file a FAC, Plaintiff may request an extension of time from the Court before the 21-day period mentioned above expires. However, the Court will only grant an extension if Plaintiff demonstrates good cause for

1  needing more time (for example, if Plaintiff has requested police reports to

2  determine Defendants' names but will not receive them in time to file an amended

3  complaint).

4       Plaintiff is advised that the Court's determination in this Order that the

5  allegations in the Complaint are insufficient to state a particular claim should not be

6  seen as dispositive of that claim.  Accordingly, while the Court believes Plaintiff has

7  failed to plead sufficient factual matter in the pleading, accepted as true, to state a

8  claim to relief that is viable on its face, Plaintiff is not required to omit any claim in

9  order to pursue this action.  However, if Plaintiff asserts a claim in the FAC that has

10  been found to be deficient without addressing the claim's deficiencies, then the

11  Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the

12  assigned district judge a recommendation that such claim be dismissed with

13  prejudice for failure to state a claim, subject to Plaintiff's right at that time to file

14  objections with the district judge as provided in the Local Rules Governing Duties

15  of Magistrate Judges.

16       Finally, Plaintiff may voluntarily dismiss the action without prejudice,

17  pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed**

18  **to mail Plaintiff a blank Notice of Dismissal Form.**

19

20

21  Dated:  June 14, 2021

22                                                         HON. SHASHI H. KEWALRAMANI
                                                       United States Magistrate Judge

23

24

25

26

27

28