UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA,<br><br>            Plaintiff,<br><br>      v.<br><br>LT. WILLIAMS, et al.,<br><br>            Defendants. | Case No. 2:21-cv-02708-CJC (SHK)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

## I.     BACKGROUND

On July 7, 2021, Plaintiff Ruben Edward Mora ("Plaintiff"), an inmate housed at Kern Valley State Prison and proceeding pro se and in forma pauperis ("IFP"), constructively filed a Second Amended Complaint ("SAC") against Officer ("CO") Lt. Williams, CO M. Smith, CO Ms. Davis, and Counselors B. Johnson and B. Bradford (collectively, "Defendants") in their individual and official capacities as employees of the California State Prison in Los Angeles, California ("CSPLA"), under 42 U.S.C. § 1983 ("§ 1983"). Electronic Case Filing Number ("ECF No.") 17, SAC. On September 8, 2022, the Court dismissed Plaintiff's SAC without prejudice and granted Plaintiff "one final opportunity to amend" his pleadings by filing a Third Amended Complaint ("TAC") by September 29, 2022. ECF No. 19, Order Dismissing SAC with Leave to Amend

("ODLA") at 16.  Plaintiff was cautioned that "**if Plaintiff does not timely file a TAC, the Court will recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b).**" Id. at 17 (emphasis in original).

On September 18, 2022, the Court received Plaintiff's request for an Extension of Time to File a TAC ("EOT Request"), which the Court granted on September 27, 2022 ("Order Granting EOT"), resulting in Plaintiff's TAC being due by October 26, 2022.  ECF No. 20, EOT Request; ECF No. 21, Order Granting EOT.  As of the date of this Order, Plaintiff has failed to file a TAC as ordered or to otherwise participate in this litigation.

## II.  DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at

least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite an extension of time to do so and a warning that failure to file a TAC would result in a recommendation that the case be dismissed, Plaintiff has failed to file his TAC or otherwise participate in this litigation. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently. See id.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Plaintiff has not offered any excuse for his failure to comply with the Court's order and respond in a timely manner and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though

this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite granting Plaintiff additional time to file a TAC, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly defied Court orders, the Court DISMISSES this case, without prejudice.

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case without prejudice.

DATED:  11/29/2022

HON. CORMAC J. CARNEY
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge